IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARY KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-592 |
| | § | |
| SUNSTONE HOTEL INVESTORS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

This case arises out of personal injuries sustained by Plaintiff Mary King, who was allegedly injured at the Wyndham Greenspoint Hotel when she was struck by a spray buffing machine that was operating out of control and with no attendant. Now before the Court comes Defendants' Motion to Transfer to the Houston Division of the Southern District of Texas. For the reasons stated below, Defendants' Motion is **GRANTED**, and this case is **TRANSFERRED** to the Houston Division of the Southern District of Texas.[1]

**I. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690,

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S. D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S. D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**II. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825).

Defendants claim that the availability and convenience of witnesses supports transfer to the Houston Division. Specifically, they note that potential fact witnesses, such as the operator of the equipment in question, reside in Harris County, located in the

Houston Division. Additionally, they argue that Plaintiff's convenience as well as that of her treating physicians, who all reside in North Texas, will not be materially altered by a transfer to Houston.

Plaintiff does not cite any witnesses who live in this Division. Rather, she focuses on the fact that since she chose this forum, it is not inconvenient for her.

There are no witnesses who live closer to this Division than to the Houston Division. Accordingly, the Court finds that a trial in Houston would be slightly more convenient for both fact and expert witnesses, and this factor weighs slightly in favor of transfer.

*B. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendants have not indicated that the records in this case are so voluminous that they would incur substantial cost in transporting them to this Court rather than the federal courthouse in Houston. *See LeBouef*, 20 F. Supp. 2d at 1060. However, Defendants do argue that the spray buffing machine in question is located in Harris County. This is of little relevance since the machine could be transported to Galveston just as easily as it could be transported to downtown Houston. This factor does not support transfer.

*C. Cost of Obtaining Witnesses and Other Trial Expenses*

Defendants argue that a trial in Houston will be less expensive than one in Galveston since the witnesses are closer to Houston than they are to Galveston. Trials are inherently expensive, and a move to Houston would only minimally reduce these expenses. The Court finds that this factor does not weigh in favor of transfer.

*D. Place of the Alleged Wrong*

This accident occurred at a hotel on the north side of Houston.  This factor weighs in favor of transfer.

*E. Possibility of Delay*

This case is not set for trial until September of this year.  A transfer would inevitably lead to some delay, but the delay is not so substantial as to demand retention.  This factor does not weigh for or against transfer.

*F. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference.  However, that choice of forum is entitled to less deference when the plaintiff does not live in the forum.  *See e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).  Plaintiff is a resident of Texarkana, and this case has no connection to this Division, so her choice of forum is entitled to little deference.

## III.  Conclusion

Since this case has no connection to this Division and a substantial connection to the Houston Division, Defendants' Motion to Transfer Venue is **GRANTED**.  All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 19th day of March, 2007, at Galveston, Texas.

_____
Samuel B. Kent